tc Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4466 | DATE | 10/21/2004 |
| CASE TITLE | GENERAL BINDING vs. THE BOARD DUDES | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion (5-1) to transfer is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 8 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| DW | courtroom deputy's initials | 2004 OCT 21 PM 1:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GENERAL BINDING CORPORATION,

    Plaintiff,

v.

THE BOARD DUDES, INC.,

    Defendant.

No. 04 C 4466
Judge James B. Zagel

DOCKETED
OCT 2 8 2004

## MEMORANDUM OPINION AND ORDER

Defendant The Board Dudes, Inc. ("BDI") is a mid-sized company currently operating out of Corona, California, a city outside of Los Angeles. BDI manufactures and distributes cork boards, dry-erase boards, grease boards, and foam boards, some of which are decorated with images of sports equipment such as footballs, basketballs, and soccer balls. Plaintiff General Binding Corporation ("GBC") is a Delaware corporation headquartered in Northbrook, Illinois. In 1997, GBC acquired Quartet Manufacturing Company ("Quartet"), which also manufactures and distributes decorated board products. On May 10, 2004, GBC sent a cease and desist letter to BDI, alleging copyright infringement for BDI's sports motif boards. BDI researched GBC's claims and ultimately filed suit in the Central District of California seeking a declaration of non-infringement of GBC's copyright and trade dress rights. Three weeks later, GBC filed the instant suit for copyright infringement here, in the Northern District of Illinois.

BDI now requests that I transfer this case to the Central District of California for reasons of convenience. A transfer under 28 U.S.C. § 1404(a) is warranted between two proper venues if the moving party can show, by reference to particular circumstances, that the transferee forum is more convenient. *Black & Decker Corp. v. Vermont Am. Corp.*, 915 F. Supp. 933, 936 (N.D. Ill.

/2

1995). "Weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* In weighing the conveniences of the parties, I may consider the location of the parties and potential witnesses, the location in which the cause of action arose, and the likelihood of financial hardship to the parties. *Koos, Inc. v. Performance Indus., Inc.*, 747 F. Supp. 487, 490 (N.D. Ill. 1990).

Firstly, the location of the parties and the witnesses appears to be equally split between California and Illinois. BDI is headquartered in California and GBC is headquartered in Illinois. The differing headquarter locations has also lead to an approximately equal split in the location of potential witnesses. BDI has indicated it will call at least three witnesses who reside in California and GBC has indicated that it will call approximately five witnesses from Illinois. Secondly, the location in which the cause of action arose is also spread across the two jurisdictions, as BDI's allegedly infringing boards are sold in both California and Illinois. Finally, the difference in financial hardship between BDI and GBC is insufficient to warrant a transfer on financial grounds alone. Since the companies are located in different districts, one party must bear the extra costs adjudicating a case in a foreign forum. Just because BDI is the smaller of the two companies does not mean that it will get to override the copyright holder's choice of forum. BDI is a mid-sized company with approximately $15M in revenues, and it has chosen to sells its board products across the United States. Since none of the factors weighs strongly in favor of a transfer to the Central District of California, I find that such a transfer is not warranted in this case.

Additionally, BDI argues that a transfer to the Central District of California would serve the interest of justice because the case could be more quickly resolved in that forum. While it is true that the time from filing to trial is slightly longer in the Northern District of Illinois, it is also true that the civil docket as a whole is disposed of faster in the Northern District of Illinois. Statistically speaking, it would be difficult to predict which district could provide a faster resolution to this suit. However, given the current state of my own docket, I am quite certain that I will be able to preside over this matter in a timely and judicious manner.

For these reasons, BDI's motion to transfer is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 Oct 2004